UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 22-151 |
| v. | * | SECTION: "I" (5) |
| JAMIE P. MCNAMARA | * | |

\* \* \*

**UNITED STATES' UNOPPOSED MOTION FOR
PROTECTIVE ORDER REGARDING DISCOVERY MATERIALS**

**NOW INTO COURT**, comes the United States of America, by and through the undersigned counsel, and respectfully moves the Court for entry of a protective order, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, prohibiting the unauthorized disclosure of discovery materials. In support of this Unopposed Motion, the government states as follows:

1.

On July 14, 2022, a Grand Jury sitting in the Eastern District of Louisiana returned an Indictment charging Defendant Jamie P. McNamara with conspiracy to commit health care fraud and wire fraud, health care fraud, conspiracy to pay and receive kickbacks, offering and paying kickbacks, conspiracy to commit money laundering, and money laundering. The Defendant's initial appearance is scheduled for July 29, 2022.

2.

The government is preparing materials for discovery, including bank records, health care claims data, emails, reports of interviews, investigative reports, and search warrant materials. The discovery materials contain sensitive information, such as protected health information, personally identifiable information, and financial information. The evidence in these sensitive documents is material and necessary to the prosecution and defense of this case. Producing the discovery

materials in redacted form may hinder defense counsel's ability to review and analyze the materials.

3.

Federal Rule of Criminal Procedure 16(d)(1) provides that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." A protective order limiting a defendant's disclosure of discovery materials is within the Court's discretion. *See Alderman v. United States*, 394 U.S. 165, 185 (1969) ("[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect."). Good cause exists for entry of a protective order here to protect the privacy interests of third parties, and the safety of potential witnesses, while allowing the government to meet its discovery obligations.

4.

The government provided a copy of the proposed protective order to counsel for Defendant, who advised that they have no objection to entry of the proposed protective order.

**WHEREFORE**, the government respectfully requests that the Court enter the proposed protective order pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure.

Dated: July 19, 2022

                                                Respectfully submitted,

                                                DUANE A. EVANS
                                                UNITED STATES ATTORNEY
                                                EASTERN DISTRICT OF LOUISIANA

                                                NICHOLAS MOSES
                                                Assistant United States Attorney

LORINDA I. LARYEA
ACTING CHIEF, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE
CRIMINAL DIVISION, FRAUD SECTION

*s/Justin M. Woodard*
JUSTIN M. WOODARD
KELLY Z. WALTERS
U.S. Department of Justice
Criminal Division, Fraud Section
(202) 262-7868
Justin.Woodard@usdoj.gov