UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 22-151** |
| **v.** | * | **SECTION: "I" (5)** |
| **JAMIE P. MCNAMARA** | * | |

\* \* \*

**PROTECTIVE ORDER**

Considering the United States' Unopposed Motion for Protective Order Regarding Discovery Materials, and for good cause shown,

**IT IS HEREBY ORDERED** pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure that the following provisions shall govern the handling of discovery in this proceeding:

1. All materials produced or furnished in discovery by the United States (hereinafter referred to as "Discovery Material") shall be used by the Defendant only as necessary for the investigation and defense of this criminal case and shall only be reviewed and revealed among the "defense team," consisting of (a) the Defendant; (b) the Defendant's counsel; (c) any secretaries, paralegals, and investigators who work at defense counsel's direction; (d) any potential defense witnesses; and (e) any experts or consultants retained by the Defendant.

2. The Discovery Material may not be used by the Defendant for any other purpose, or furnished to anyone else by the Defendant, without further Order of this Court.

3. Defendant's counsel should inform authorized persons who receive the Discovery Material, including the Defendant, that the materials are provided subject to the terms of this Protective Order and that the authorized persons must comply with the terms of this Protective Order.

4. The Discovery Material should not be copied or reproduced except as necessary to provide copies of the materials for use by an authorized person as described above to prepare or assist in the defense, and all such copies and reproductions will be treated in the same manner as the original matter.

5. The parties shall at all times comply with Rule 49.1 of the Federal Rules of Criminal Procedure regarding the redaction of certain personal information in Court filings. In addition to the specific types of identifiers referenced in the rule, and as contemplated by Rule 49.1(e)(1), the parties shall also redact any protected health information, personally identifiable information, or financial information that would otherwise appear in any Court filing. If it is not practicable to mask or redact such information, the party seeking to publicly use or file documents into the record containing any such information must first seek approval from the Court to use such information without redaction or file the documents under seal until further order of the Court.

6. The disclosure or provision of documents or materials by the government to the Defendant shall not operate as a waiver of any privilege or protection that could or may be asserted by the holder of any such privilege or protection.

7. This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

8. Nothing in this Protective Order shall prevent any party from applying to the Court for further relief or for modification of any provision herein.

9.  At the conclusion of this proceeding, any part of the Discovery Material that includes any individually identifiable personal/health/financial/taxpayer/grand jury information shall be returned to the United States or destroyed.

**SO ORDERED** this  4th  day of    August   , 2022.

New Orleans  Louisiana

_____
United States Magistrate Judge

3